```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
```

JUDITH GUTMAN and DANIEL GUTMAN,    Case no:  1:15-CV-04483 (VM/JCF)

        Plaintiffs,

  -against-                          **COMPLAINT**

FLATRATE MOVING DISTANCE, INC.,

        Defendant.

```
----------------------------------X
```

    Plaintiffs, complaining of the defendant by their attorneys, Alpert, Slobin & Rubenstein, LLP, allege:

## JURISDICTION

    1. This Court has subject matter jurisdiction because this action is brought pursuant to 49 U.S.C. sec. 14706(d) and 28 U.S.C. sec. 1337 for damage to and loss of household goods during interstate shipment from New York to Florida, and the amount in controversy exceeds $10,000. exclusive of interest and costs.

    2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. sec 1332 because of the parties diverse citizenship and the amount in controversy may exceed $75,000. exclusive of interest and costs.

    3. At the time this action was commenced both plaintiffs were and continue to be citizens of the State of Florida,

residing at 6638 N.W. 25th Terrace, Boca Raton, Florida, and the defendant's principal place of business was and still is located at 27 Bruckner Boulevard, Bronx, New York.

4. This action was originally commenced in the Supreme Court of the State of New York, County of Bronx by the filing of a summons with notice on April 24, 2015, and was removed to the United States District Court for the Southern District of New York by the filing of a Notice of Removal by the defendant on June 9, 2015.

**FIRST COUNT**

5. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "5" as if more fully alleged at length herein.

6. Upon information and belief, at all times hereinafter mentioned defendant was a corporation duly organized and existing pursuant to the laws of the State of New York.

7. At all times hereinafter mentioned defendant was a trucking common carrier for hire engaged in the business of interstate transportation of goods in behalf of consignors.

8. On or about August 26, 2014 defendant entered into a contract with plaintiffs to transport their jointly owned household goods from the State of New York to their residence in the State of Florida.

9. Plaintiffs paid defendant the sum of $21,670. as the cost of the aforesaid transport.

10. On June 5, 2014 plaintiffs delivered to the custody of defendant their aforesaid household goods at 26 Foster Road, Quogue, New York, which goods were in good condition, for transport to plaintiffs residence at 6638 N.W. 25th Terrace, Boca Raton, Florida.

11. Some of plaintiffs' aforesaid household goods were delivered by defendant in a damaged condition, and several items were and still are missing from the consignment.

12. Pursuant to 49 U.S.C. sec. 14706 defendant is absolutely liable to plaintiffs for the replacement value of the damaged and missing goods in the sum of $57,440.

## SECOND COUNT

13. Plaintiff's repeat and reallege each and every allegation contained in paragraphs "1" through "12" as if more fully alleged at length herein.

14. On or about August 26, 2014 plaintiffs secured Extended Valuation coverage on their aforesaid household goods by the payment of a premium of $1,443. to defendant.

15. Because of the damage to and loss of some of plaintiffs' household goods, plaintiffs made claim of defendant

pursuant to said Extended Valuation coverage for indemnification of their loss.

16. Defendant has failed to indemnify plaintiffs for the damage to and loss of their household goods pursuant to said Extended Valuation coverage, all to plaintiffs' damage in the sum of $57,440.

### THIRD COUNT

17. Plaintiffs repeat and reallage each and every allegation contained in paragraphs numbered "1" through "16" as if more fully alleged at length herein.

18. Because of the damage to and loss of some of their household goods, and the refusal of defendant to indemnify plaintiffs for their loss, it was necessary for plaintiffs to retain counsel to vindicate their rights by the maintenance of this action, and to incur responsibility for the payment of attorneys' fees.

19. Plaintiffs seeks an amount of money from defendant to be determined by this Court to compensate their attorneys for services to be rendered by them in this action.

20. Plaintiffs had submitted their claim for indemnification of their damages within 120 days after the date that the consignment was delivered to plaintiffs in Florida.

21. To date, there has been no decision resolving the dispute herein rendered through arbitration under 49 U.S.C. sec. 14708(d).

**WHEREFORE**, plaintiffs demand judgment against defendant for $57,440., together with an award of attorneys' fees, together with the costs and disbursements of this action.

        Respectfully submitted,

        ALPERT, SLOBIN & RUBENSTEIN, LLP

Dated: Bronx, New York
      July 21, 2015

        *Morton Alpert* (MA 6050)
        MORTON ALPERT, a member of the firm
        Attorneys for Plaintiffs
        2890 Randall Avenue
        Bronx, New York 10465
        (718) 829-8800
        e-mail: MA41533@aol.com

TO: TELL, CHESTER & BREITBART
    Attorneys for Defendant
    320 Old Country Road
    Garden City, New York 11540
    (516) 535-1550